OPINION OF THE COURT
Charles J. Markey, J.
In Savino v Great Atl. & Pac. Tea Co., Inc. (22 Misc 3d 792 [Sup Ct, Queens County 2008]), the undersigned held, in a case *921 of first impression, that a defendant storekeeper was required to turn over an unredacted copy of a crucial video surveillance evidence tape that would be vitally and decisively crucial in determining whether the plaintiff feigned her slip-and-fall injury in a supermarket.
Savino was a personal injury case predicated on alleged negligence. Under the facts of the present application, the potential cause of action, inter alia, appears to be for an intentional tort of battery. Such a possibility was forewarned by the undersigned’s decision in Savino where the court indicated that video surveillance tapes would be the most important evidence in all sorts of cases, including claimed assaults by store employees or fellow customers.
What makes this case distinguishable from Savino, where the undersigned ordered the defendant store to share immediately all video surveillance tapes with plaintiffs counsel, is that, on this application, there is no action yet. Petitioner’s application for a copy of respondent’s video surveillance tape, together with requests for the full name and address of the security company and the address of its employee security guard or “bouncer,” is all made as part of pre-action discovery on this order to show cause. Nevertheless, the principles of justice and fair play that underlie this court’s decision in Savino apply equally to this pre-action discovery matter.
On the return date, the court indicated to Christopher James Donadío, Esq., petitioner’s counsel, that, in the future, it expects compliance with 22 NYCRR 202.7, regarding the submission of a good faith affirmation on all discovery disputes. In light of the particular circumstances of this case, and the prospect that respondent may be destroying or concealing the potent evidence, the court agrees with Mr. Donadío that failure to submit such an affirmation is excused under the facts of the present case because of the demonstrated prejudice by the respondent’s cavalier and disingenuous stonewalling. The court also notes that respondent has failed to appear although being duly served with the order to show cause and the temporary restraining order preventing the destruction of the video surveillance evidence.
The motion, by order to show cause, by petitioner Lu Huang is granted in all respects without opposition. Submit order with all proper decretal paragraphs to the clerk’s office in Jamaica before onward transmission to the undersigned.
The temporary restraining order is continued in all respects until further court order. Any attempt to destroy the video *922 surveillance evidence will be dealt with severely pursuant to this court’s seminal decision in Savino.